1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANKLIN H. WRIGHT,

       Plaintiff,

     v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, et al.,

       Defendants.

Case No.  15-cv-03204-JSW

**ORDER DENYING APPLICATION TO
PROCEED IN FORMA PAUPERIS AND
DISMISSING FIRST AMENDED
COMPLAINT**

Re: Docket No. 14

     Now before the Court is the application to proceed *in forma pauperis* filed by plaintiff Franklin H. Wright ("Plaintiff") and Plaintiff's First Amended Complaint.  A district court may deny *in forma pauperis* status and *sua sponte* dismiss an action under certain circumstances, including when the underlying complaint sought to be filed is frivolous or when it fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

     On July 30, 2015, the Court issued an Order dismissing Plaintiff's complaint with leave to amend, because he had not complied with Federal Rule of Civil Procedure 8(a), and had failed to set forth the grounds upon which this Court has jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief,  ... and a demand for judgment for the relief the pleader seeks."  Specifically, it was not clear who Plaintiff was seeking to sue or what facts Plaintiff alleges occurred.

     In his First Amended Complaint, Plaintiff names the United States Department of Homeland Security, United States Department of Justice, Julie Horst, and Eric Lunson as Defendants.  Plaintiff alleges that he brings this action, in part, as a counterclaim to a criminal case, *United States v. Schwartz*, 15-CR-351-MEJ, in which Plaintiff was charged with violating 41

C.F.R. section 102-74.385, Disobey Lawful Order (the "criminal case").[1]

Plaintiff asserts twelve claims for relief, including, *inter alia*, wrongful arrest against Officer Lunson, "assault by proxy" against Ms. Horst, violations of the Fourth and Fourteenth Amendments to the United States Constitution, and breach of contract and breach of fiduciary duty against the United States Department of Justice. Plaintiff has added several claims and some additional paragraphs that purport to set forth the facts underlying his claims. Plaintiff also attaches a written narrative of his version of events that occurred on March 13, 2015, which relate to his arrest and subsequent prosecution in the criminal case. With that exception, the rest of Plaintiff's "allegations," as in his original complaint, refer to other cases and filings in those cases. For example, with respect to allegations regarding alleged harassment, he refers to *Wright v. United States*, 13-5994-LB or refers to filings in the United States Court of Appeals for the Ninth Circuit, but does not specify exactly what facts or filings in those cases are pertinent to his claims in this case. (*See, e.g.,* Compl. at 4:7-19.)

Plaintiff's First Amended Complaint does not contain clear and concise factual statements to support his twelve claims for relief and, thus, still does not comply with the requirements of Rule 8. *Cf. Cafasso v. General Dyaanmics C4 Systems, Inc.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011) (upholding denial of leave to amend where amendment would have been futile because of "proposed pleading's extraordinary prolixity") (citing cases); *McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (upholding dismissal for failure to comply with Rule 8(a) where complaint was "argumentative, prolix, replete with redundancy, and largely irrelevant"). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at 1179. Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8 is proper. *Id.* at 1178. In addition, because Plaintiff has not included all of the allegations in his First Amended Complaint,

---

[1]     Based on the record in the criminal case, Ms. Horst is a law librarian at the United States Court of Appeals for the Ninth Circuit, and Officer Lunson is a member of the Federal Protective Services.

United States District Court
Northern District of California

and makes references to other cases and filings, it is impossible for the Court to discern whether it has jurisdiction over the claims, whether Plaintiff's claims would be barred based on doctrines of immunity, whether Plaintiff may be collaterally estopped from asserting the claims or whether there is some other legal basis to conclude that Plaintiff's claims are futile.

For example, as noted, Plaintiff argues that he is asserting a "counter-claim" to the criminal case. According to the docket in that case, following a bench trial, Plaintiff was found guilty. *See United States v. Schwartz*, 15-CR-351, Docket No. 14. The record in the instant case suggests that Plaintiff may be attempting to challenge the outcome of the criminal case. This, however, is not the proper forum to do so. Further, Plaintiff makes a general reference to 42 U.S.C. section 1983 in his list of claims for relief. To the extent he asserts a claim under Section 1983 or any tort claims against Ms. Horst and Officer Lunson that arise out of the incident on March 13, 2015, his claims also may be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, 512 U.S. at 486-87. The principle enunciated in *Heck* has been applied to claims brought pursuant to the FTCA if, in order to prevail, a plaintiff would have to prove the invalidity of the underlying conviction. *See Erlin v. United States*, 364 F.3d 1127, 1132 (9th Cir. 2004); *Parris v. United States*, 45 F.3d 383, 384-85 (10th Cir. 1995) (granting summary judgment for defendant where plaintiff's claim, although "couched in terms of negligence," actually sought review of basis for his conviction).

Similarly, it appears that Plaintiff may intend to assert claims against the individuals who prosecuted the criminal case. As noted, Plaintiff makes a passing reference to Section 1983. (*See, e.g.,* Compl. at 6:9-10; Docket No. 17, Declaration of Franklin Wright, ¶¶ 35-39.) However, "[p]rosecutors are … entitled to absolute immunity from section 1983 claims," and thus at least

United States District Court
Northern District of California

some of Plaintiff's claims may be barred on that basis as well.  *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976)).

Accordingly, the Court DENIES Plaintiff's motion to proceed *in forma pauperis*, and it DISMISSES the First Amended Complaint.  The Court shall grant Plaintiff one final opportunity to amend.  If Plaintiff chooses to file a second amended complaint, he must do more than reference pleadings or filings in other cases to support his factual allegations.  Rather, he must set forth the facts that support the claims for relief in the body of his pleading.  Plaintiff may file a second amended complaint and a renewed motion to proceed *in forma pauperis* by no later than September 21, 2015.  If Plaintiff fails to file a second amended complaint by that date, the Court shall dismiss this action with prejudice.

**IT IS SO ORDERED.**

Dated: August 20, 2015

_____
JEFFREY S. WHITE
United States District Judge

4